UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04677 PSG (SKx) | Date | July 3, 2024 |
|---|---|---|---|
| Title | Genevieve Morton v. Aylo Holdings, S.A.R.L., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Derek Davis | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** **Order GRANTING Plaintiff's request to withdraw motion to remand and ORDERING Defendants to show cause re lack of subject matter jurisdiction.**

Before the Court is Defendant Aylo Holdings, S.A.R.L.'s[1] removal of Plaintiff Genevieve Morton's ("Plaintiff") complaint, *Complaint*, Dkt. # 1-1 ("*Compl.*"); *Notice of Removal*, Dkt. # 1 ("*NOR*"), Plaintiff's motion to remand, *see Motion to Remand*, Dkt. # 28 ("*Remand Mot.*"), and Plaintiff's request to withdraw the motion to remand, *Withdrawal Request*, Dkt. # 34 ("*Withdraw Req.*"). After considering the papers, the Court **GRANTS** the request to withdraw. However, the Court **ORDERS** Defendants to show cause why this matter should not be remanded for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court—either by motion or *sua sponte*—if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991); *Washington v. United Parcel Serv., Inc.*, No. CV 09-01131 DDP (AGRx), 2009 WL 1519894, *1 (C.D. Cal.

---

[1] The other Defendants in this case are Ethical Capital Partners, Pornhub.com, Aylo USA Incorporated, Aylo Holdings U.S.A. Corp., Aylo Global Entertainment, Inc., and Aylo Billing US Corp. (collectively, "Defendants"). *See Compl.* Plaintiff's remand motion challenged the diversity of the Aylo USA Inc., Aylo Holdings U.S.A. Corp., Aylo Global Entertainment, Inc., and Aylo Billing US Corp. (collectively, the "Aylo Entities").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04677 PSG (SKx) | Date | July 3, 2024 |
|---|---|---|---|
| Title | Genevieve Morton v. Aylo Holdings, S.A.R.L., *et al.* | | |

2009). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. Here, the basis for subject matter jurisdiction is diversity jurisdiction. *NOR* 4:12–15. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. 267, 267 (3 Cranch) (1806); 28 U.S.C. § 1332(a). A corporation is a citizen of every state in which it is incorporated and of the state where its principal place of business is located. *Hertz v. Friend*, 559 U.S. 77, 85, 88 (2010). If a party is a limited liability company, it is a citizen of each and every state of which its members are citizens. *C.T. Carden, et al. v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

The Court is not convinced it has subject matter jurisdiction over the matter. The information contained in Plaintiff's complaint, the notice of removal, the motion to remand, and the request for judicial notice filed along with Plaintiff's request to withdraw her remand motion, *see Request for Judicial Notice*, Dkt. # 35 ("*RJN*"), is either incomplete or contradictory as to the citizenship of the Aylo Entities.

For instance, Aylo Holdings, S.A.R.L. filed a declaration of its counsel along with its notice of removal that stated that the Aylo Entities are citizens of Delaware and Texas: Delaware corporations with principal places of business in Austin, Texas. *See Declaration of David A. Steinberg i/s/o Notice of Removal*, Dkt. # 3 ("*Steinberg Decl.*"), ¶¶ 6–9.[2] But in Plaintiff's request for judicial notice, she states that the Aylo Entities are citizens of the Republic of Cyprus. *RJN* 2:5–8. Further, the information in the request for judicial notice seems to show that Aylo USA Inc. and Aylo Global Entertainment Inc. could have principal places of business in California. *RJN* 3:11–14; *RJN*, Ex. B, 2:23–27; 3:24–28. Lastly, the request for judicial notice does not provide any information about the citizenship of Aylo Holdings USA Corp. or

---

[2] The Court recommends that Defendants submit declarations about their citizenship, instead of relying on information and belief of their counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04677 PSG (SKx) | Date | July 3, 2024 |
|---|---|---|---|
| Title | Genevieve Morton v. Aylo Holdings, S.A.R.L., *et al.* | | |

Aylo Billing US Corp. The only information available to the Court is the declaration filed with Aylo Holdings, S.A.R.L.'s notice of removal, which has been shown to be possibly inaccurate. As a result, without more information the Court cannot determine whether it has subject matter jurisdiction over the matter.

Accordingly, the Court **GRANTS** Plaintiff's request to withdraw her motion to remand but **ORDERS** Defendants to show cause in writing no later than **July 19, 2024** why the Court should not remand this action for lack of subject matter jurisdiction. Failure to respond as ordered may result in this case being remanded.

**IT IS SO ORDERED.**